**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

TERRY WRIGHT,

      Defendant-Appellant.

No. 97-3316
(D.C. No. 97-CR-20023-05)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9.

Defendant Terry Wright pled guilty to a federal felony and was sentenced

on October 20, 1997. He appeals the district court's determination that in

addition to serving 15 months in prison, he must pay a special assessment of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

$100. We affirm.

Mr. Wright contends the district court erred in ordering him to pay a special assessment of $100, contending he should only have been required to pay a special assessment of $50 as set out in U.S.S.G. § 5El.3, comment., backg'd (1995). Because he did not raise this issue below, we review the claimed error under the plain error standard. *See United States v. Janusz*, 135 F.3d 1319, 1322 (10th Cir. 1998).

The government responds that the district court did not err at all, much less commit plain error. The government is correct. The special assessment for individual federal felons is prescribed by 18 U.S.C. § 3013(a)(2)(A), which was amended effective April 24, 1996, to raise the assessment from $50 to $100. *See* Antiterrorism Act of 1996, Pub.L. No. 104-132, § 210, 110 Stat. 1214, 1240 (1996). The relevant sentencing guideline, U.S.S.G. § 5El.3, provides: "A special assessment must be imposed on a convicted defendant in the amount prescribed by statute." As the government points out, the commentary to the 1995 version of section 5E1.3 was simply restating the then-existing version of 18 U.S.C. § 3013, which provided for a $50 assessment before it was amended. The amended version of the statute clearly covers Mr. Wright.

We AFFIRM the judgment and sentence of the district court which includes a $100 special assessment.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge